IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**MARLENA HALL**,                    :
                                     :
          Plaintiff,                 :
                                     :          Civil Action No. 5:07-CV-332(HL)
v.                                   :
                                     :
**GOVERNMENT EMPLOYEES**             :
**INSURANCE COMPANY**,               :
                                     :
          Defendant.                 :
_____

## ORDER

Before the Court is Defendant's Motion to Compel (Doc. 21). For the following reasons, Defendant's Motion is granted.

## I.    FACTS

On August 29, 2007, Plaintiff filed a Complaint (Doc. 1) in this Court alleging that Defendant discriminated against her on the basis of race in violation of Title VII and on the basis of age in violation of the ADEA when Defendant terminated Plaintiff's employment in July 2006. On February 13, 2008, Defendant served Plaintiff with its First Interrogatories and First Request for Production of Documents. Plaintiff's responses to these discovery requests were due on March 17, 2008. On March 26, 2008, Plaintiff's counsel, Chauncy Bailey, contacted Defendant's counsel and stated that he would send the responses to the discovery requests "within the next couple of days." Plaintiff's counsel failed to do so, and on April 2, 2008, Defendant's counsel

1

sent an email to Mr. Bailey that stated Defendant would file a Motion to Compel if Defendant did not receive the discovery responses that week. (Def.'s Mot. Compel, Ex. C).

On April 4, 2008, Plaintiff served Plaintiff's Answer and Objections to Defendant's Interrogatories ("Answer and Objections"), which Defendant received on April 7, 2008. (Def.'s Mot. Compel, Ex. C). Plaintiff's Answer and Objections only answer eight (8) of the twenty-five (25) interrogatories that Defendant served on Plaintiff. Plaintiff objected to the other seventeen (17) interrogatories on various grounds, including relevancy, attorney-client privilege, and burdensomeness. Plaintiff did not, and has not, served responses to Defendant's Request for Production of Documents.

On April 10, 2008, Defendant's counsel sent a letter to Mr. Bailey requesting that he withdraw the objections he made to the interrogatories and provide answers responsive to those interrogatories. Defendant's counsel also requested that Mr. Bailey respond to the Request for Production of Documents. Last, the letter informed Mr. Bailey that Defendant would file a Motion to Compel if the inadequate discovery responses were not corrected by April 25, 2008.

Defendant's counsel did not receive anything from Mr. Bailey by April 25, 2008. As a result, Defendant filed this Motion to Compel on May 7, 2008. The Motion requests that Plaintiff provide complete responses to the seventeen (17) interrogatories to which she objected, that Plaintiff respond to Defendant's First

Request for Production of Documents, and that Plaintiff be required to pay Defendant the reasonable expenses it incurred in bringing this Motion.  Defendant's Motion to Compel contains the good faith certification required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.  Plaintiff did not file a response to Defendant's Motion.

## II.  DISCUSSION

### A.  Interrogatories

The Federal Rule of Civil Procedure governing objections to interrogatories provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  FED. R. CIV. P. 33(b)(4).  Under this rule, "[i]t is not sufficient merely to assert that one objects that the interrogatories are burdensome, oppressive, duplicative, irrelevant, or that they require research."  7 MOORE'S FEDERAL PRACTICE § 33.171, at 33-92 (3d ed. 2007); see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990); Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 698 (N.D. Ga. 2007).  "[T]he party resisting discovery 'must show specifically how...each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) (alteration in original); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985).  Likewise, a party resisting discovery on the basis of the attorney-client privilege or work product doctrine must state the factual

3

basis for its assertions.  <u>Carnes</u>, 244 F.R.D. at 698; <u>see</u> <u>also</u> <u>United States v.</u> <u>Schaltenbrand</u>, 930 F.2d 1554, 1562 (11th Cir. 1991) ("The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential).

In this case, none of Plaintiff's objections are stated with specificity.  Plaintiff objects to interrogatories nos. 2, 10, 13, and 15 on the ground that they are not relevant.  She objects to interrogatories nos. 4 and 5 on the ground that they are overbroad, unduly burdensome, and vague.  Last, she objects to interrogatories nos. 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 on the grounds that they are overbroad, unduly burdensome, and vague, and that they seek information protected by the attorney-client and work product privileges.  But nowhere in her Answers and Objections did Plaintiff state why any particular interrogatory is not relevant, nor did she state why any particular interrogatory is overbroad, unduly burdensome, or vague.  Plaintiff also did not provide any factual basis to support her contentions that certain interrogatories seek information protected by the attorney-client and work product privileges.  Moreover, Plaintiff did not file a response to Defendant's Motion to Compel.   Because Plaintiff, as the party resisting discovery, has failed to provide a specific basis for any of her objections, Plaintiff is ordered to fully respond to Defendant's interrogatories by June 16, 2008.

### B.  Request for Production of Documents

On February 13, 2008, Defendant served Plaintiff with its First Request for

Production of Documents.  Plaintiff's response to this discovery request was due on March 17, 2008.  It is now June 6, 2008, approximately two and a half months after Plaintiff's response was due, and Plaintiff has still not provided Defendant with the requested documents.  As a result, Plaintiff is ordered to provide complete responses to Defendant's First Request for Production of Documents by June 16, 2008.

### C. Expenses and Sanctions

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  FED. R. CIV. P. 37(a)(5)(A).  This rule creates a rebuttable presumption in favor of sanctions.  <u>See, e.g.</u>, <u>Devaney v. Continental Am. Ins. Co.</u>, 989 F.2d 1154,1161-62 (11th Cir. 1993); 7 MOORE'S FEDERAL PRACTICE § 37.23[1], at 37-41 (3d ed. 2007) .  This presumption can be overcome if the nonmoving party demonstrates that: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(a)(5)(A).

In this case, Plaintiff, having not responded to Defendant's Motion to Compel, has not rebutted the presumption in favor of sanctions, and therefore, Defendant's

request for sanctions is granted.  This Court would like to point out that it has reviewed all of the interrogatories at issue and their corresponding objections, and this Court fails to see how any of Plaintiff's objections could have possibly been substantially justified.  To the contrary, most, if not all, of Mr. Bailey's objections are absurd.  For example, interrogatory no. 15 asks whether Plaintiff has been arrested or convicted of a crime.  Mr. Bailey has interposed an objection to this question on the ground that it is not relevant.  Interrogatory no. 15, however, is a routine question, and this is the first time this Court has ever encountered an objection to it.  In addition, Mr. Bailey objects to various other questions that directly relate to Plaintiff's allegations.  For example, interrogatory no. 21 asks Plaintiff to identify all similarly situated white employees that Plaintiff contends were paid a higher salary than her, and interrogatory no. 16 asks Plaintiff to specify how specific supervisors subjected her to race and age discrimination and when such discriminatory conduct occurred.  Plaintiff objects to these interrogatories on the ground that each is "overbroad, unduly burdensome, and vague.  Plaintiff further objects on the ground that this interrogatory calls for a legal conclusion thus implicating attorney/client and/or work product privilege."  This objection is wholly without merit.  These objections, as well as the other groundless objections that Mr. Bailey interposes, demonstrate that he has a fundamental misunderstanding of the discovery process.       For these reasons, Mr. Bailey is ordered to pay Defendant the costs it incurred in bringing this motion.  Defendant, however, has not requested a specific dollar amount, and therefore, this Court is

unable to determine the appropriate amount of costs that should be assessed. As a result, Defendant's counsel are ordered to file an affidavit that requests a specific dollar amount and outlines the specific costs that Defendant incurred in bringing this motion. The affidavit shall include, among other things, the number of hours that Defendant spent in preparing and filing this Motion, and the hourly rate for Defendant's counsel. Defendant shall file the affidavit within ten (10) days from the entry of this Order.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel is granted. Plaintiff shall have until June 16, 2008, to fully respond to Defendant's First Interrogatories and First Request for Production of Documents. In addition, Defendant's request for sanctions is granted, and Defendant shall have until June 16, 2008, to file an affidavit that contains the information mentioned above. This Court will then review Defendant's affidavit to determine whether the requested costs are reasonable. If they are reasonable, this Court will enter an appropriate Order directing Mr. Bailey to pay those costs to Defendant within a specified time period.

**SO ORDERED**, this the 6th day of June, 2008


_s/  Hugh Lawson_____
**HUGH LAWSON, Judge**

dhc