IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARLENA HALL**, | : |
| Plaintiff, | : |
| | : Civil Action No. 5:07-CV-332(HL) |
| v. | : |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, | : |
| Defendant. | : |

## ORDER

On June 6, 2008, this Court granted (Doc. 23) Defendant's Motion to Compel and Request for Attorney Fees (Doc. 21). In the June 6th Order, this Court directed Defendant's counsel to file an affidavit that contained an itemized bill and requested a specific dollar amount for expenses. On June 16, 2008, Defendant filed the affidavit as ordered by this Court, requesting attorney fees in the amount of $4,766.00. Subsequently, this Court entered a text order allowing Plaintiff until June 27, 2008, to contest the amount of fees Defendant requested. Plaintiff did not comply with this deadline, and as of today, July 2, 2008, Plaintiff has not filed a response contesting the amount of expenses Defendant has requested.

Under Federal Rule of Civil Procedure 37(a)(5)(A), an award of expenses is limited to the expenses incurred in making the motion to compel. FED. R. CIV. P. 37(a)(5)(A). In this case, Defendant has requested more than the expenses it

1

incurred in making the motion. According to counsel's itemized bill, Defendant is claiming time for reviewing Plaintiff's inadequate discovery responses, conferring with Plaintiff's counsel about the discovery issues, and developing a strategy regarding Plaintiff's objections to discovery requests. The time spent on these tasks is not compensable. See Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 681 (S.D. Iowa 1992) (holding that party prevailing on motion to compel not entitled to expenses for various communications with opposing counsel about the underlying discovery requests). Only time spent on tasks that were performed in conjunction with making the motion are compensable, and the tasks mentioned above do not meet this requirement. See id. As a result, Defendant is not entitled to the full amount of requested expenses.

After reviewing Defendant's itemized bill, this Court finds that Defendant is entitled to compensation for a total of 7.7 hours. This represents the amount of time that defense counsel spent working on the Motion to Compel on May 2, May 3, and May 7. As counsel's hourly fee is $311, Defendant is entitled to an award of attorney fees in the amount of $2,394.70. In addition, defense counsel's paralegal spent a total of .5 hours working on the Motion to Compel on May 6 and May 7. As the paralegal's hourly rate is $136, Defendant is also entitled to an award of expenses in the amount of $68. In total, Defendant is entitled to $2,462.70 in expenses. Plaintiff's counsel, Chauncy Bailey, is to pay this money to Defendant. Plaintiff herself shall not pay any part of this amount. Mr. Bailey shall have until August 1,

2008, to comply with the terms of this Order.

**SO ORDERED**, this the 3rd day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc